[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
This is a claim arising out of an accident that occurred on August 20, 1998. At the time of the accident, the plaintiff was operating his motorcycle when he was injured as the result of the negligence of a third-party operator. At the time of the accident, the plaintiff was residing with his father, who maintained an automobile liability insurance policy issued by the defendant, Progressive Northwestern Insurance Company.
The defendant filed a motion for summary judgment. Specifically, the defendant argues that it is entitled to summary judgment as a matter of law because General Statutes § 38a-336 (d) does not allow the plaintiff to recover for underinsured motorist coverage under his father's insurance policy. Furthermore, the defendant argues that the plaintiff is specifically excluded from his father's insurance policy.
The plaintiff filed a memorandum in opposition to the motion for summary judgment. The plaintiff argues that he is entitled to coverage under his father's insurance policy because the insurance policy issued by the defendant provides broader coverage than General Statutes §38a-336 (d).
"Practice Book [§ 1749] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Brackets in the original; internal quotation marks omitted.)Buell Industries, Inc. v. Greater New York Mutual Ins. Co., 259 Conn. 527,549-50, 791 A.2d 489 (2002).
After recovering the limits of the liability insurance policy from the CT Page 8337 third-party operator, the plaintiff has now filed a claim for underinsured motorist coverage under his father's automobile liability insurance policy. Within the policy, there are various exclusions with respect to underinsured motorist coverage when the claimant is operating a non-covered "vehicle." There is no question that if the plaintiff was found to be operating a non-covered "vehicle," then the specific exclusions claimed by the defendant would prohibit recovery.
In the Progressive policy, the definition of a vehicle is a "land motor vehicle a) of the private passenger, pick up body or sedan delivery type; b) designed for operation principle upon public roads; c) with at least four (4) wheels; and d) with a gross vehicle weight of 10,000.00 pounds or less." This definition obviously excludes motorcycles. The question now before the court is whether under a standard automobile liability insurance policy, issued in Connecticut, a motorcycle may be excluded from coverage under the required minimum insurance policy provisions.[1]
The plaintiff claims that the definition contained in the subject insurance policy actually provides broader coverage than the definition of a "vehicle" under the General Statutes § 14-1 (90), and that a broader coverage than the statutory definition is allowed under §38a-334 (b). The court disagrees.
The narrow definition contained in the subject insurance policy may well provide a more liberal claim for uninsured motorist coverage in this particular case by nullifying certain exclusions, but cannot logically be considered as a broader expansion of the definition of a "vehicle" as claimed by the plaintiff. It is certainly unlikely that were the insurance company to disclaim coverage the insured motorcycle involved in the initial automobile accident, they would be unsuccessful in the state of Connecticut.
It would also appear that this issue has already been decided in Boytonv. New Haven, 63 Conn. App. 815, 824, 779 A.2d 186 (2001), which involved the question as to whether a motorcycle was required to be covered for purposes of uninsured motorist coverage. "Although § 38a-336 (a)(1) states generally that automobile liability insurance policies must provide uninsured and underinsured motorist coverage, it provides that such coverage is governed by the regulations adopted pursuant to section38a-334. . . . Willoughby v. New Haven, supra, 254 Conn. 414. Section38a-334-6 (a) of the Regulations of Connecticut State Agencies provides, that the uninsured motorist coverage that it requires shall insure the occupants of every motor vehicle to and to which the bodily injury liability coverage applies. . . . It is therefore necessary to refer to § 38a-334-5 of the Regulations of Connecticut State Agencies, which CT Page 8338 covers liability coverage. Section 38a-334-5 (a) of the regulations provides that its liability coverage requirements apply to motorvehicle[s] owned or long-term leased by the named insured. . . . The term [m]otor [v]ehicle, as used in the regulations, is defined as: private passenger motor vehicle . . . commercial motor vehicle . . . motorcycle . . . public service motor vehicles . . . motor vehicle in livery service . . . and vanpool vehicle. . . . Regs., Conn. State Agencies §38a-334-2 (c). . . . Willoughby v. New Haven, supra, 415-19." (Internal quotation marks omitted). Boyton v. New Haven, supra, 824. Because a motorcycle is a covered vehicle, the plaintiff has a rightful claim for underinsured motorist coverage pursuant to General Statutes § 38a-336
(a).
It is the opinion of this court that the definition contained in the subject insurance policy is unenforceable with respect to coverage of motorcycles, and, therefore, the various exclusions referenced by the defendant preclude a claim for underinsured motorist coverage. The defendant's motion for summary judgment is granted.
BY THE COURT
 ___________________ Gilardi, J.